UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PETER GAKUBA,<br><br>                             Plaintiff,<br><br>-against-<br><br>LETITIA JAMES; MERRICK GARLAND;<br>KWAME RAOUL,<br><br>                             Defendants. | 24-CV-6661 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action against New York State Attorney General Letitia James, United States Attorney General Merrick Garland, and Illinois State Attorney General Kwame Raoul. Plaintiff filed this action on August 31, 2024, and the Court granted Plaintiff's *in forma pauperis* application on September 10, 2024. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v.*

*Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

Where a plaintiff files duplicative, or substantially similar actions, in two different districts, there is a strong presumption in favor of the forum of the first-filed suit. *See New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991).

Transfer is appropriate in this case because Plaintiff previously filed a substantially similar civil action in the United States District Court for the Northern District of New York, stemming from the same set of facts and against the same defendants named in this action. *See Gakuba v. James*, No. 24-CV-1043 (GTS) (DJS) (N.D.N.Y., complaint filed Aug. 25, 2024) ("*Gakuba I*"). In *Gakuba I*, which Plaintiff filed before this action, the assigned district judge construed the complaint as containing a request for injunctive relief and denied the relief. *See id.* (Doc. No. 6) (Text Order). As the Northern District of New York has already commenced the litigation of *Gakuba I*, the Court finds that the Northern District of New York is the favored forum to litigate this action and transfers this action under Section 1404(a) to the United States District Court for the Northern District of New York. *See D.H. Blair & Co.*, 462 F.3d at 106.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. A summons shall not issue from this court.

The Clerk of Court is further directed to terminate all motions in this action.

This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 17, 2024
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge